LANGSTON & WOODSON *v.* BITTING & HAY.

Where in a contract for the sale of merchandise the purchaser reserved the right to return to the seller within a given time, at a stated price, such of the articles sold as bore a particular and definite description, it was essential to the exercise of the option of return thus reserved, either that within the time limited the specific chattels be actually tendered or returned; and if tendered by letter, it was essential that such letter should be sufficiently definite in its terms to accurately describe the particular chattels sought to be returned; otherwise, the tender by letter would not impose a duty upon the seller to accept, after the time limited, the goods then actually tendered.
July 15, 1895.

Action on contract. Before Judge VAN EPPS. City court of Atlanta. September term, 1894.

N. J. & T. A. HAMMOND, for plaintiffs.

C. D. MADDOX and W. C. GLENN, for defendants.

ATKINSON, Justice.

The plaintiffs bought of the defendants a lot of tobacco, and paid the purchase money therefor. At the

time of the sale of the tobacco, a contract was made between them, which was in the words following, to wit: "We agree to receive back from Mess. Langston & Woodson, any time prior to January 1st, 1893, and refund to them full invoice cost for all 'King Cotton Tobacco' packed in half-boxes weighing not over twenty-five pounds each, and that are not branded in red paint." This contract bore date June 8th, 1892. The plaintiffs became dissatisfied with certain of the tobacco so bought, found that it was unsuited to their trade, and so stated to the agent of the defendants. On the 29th of December next after the execution of the contract above stated, the plaintiffs wrote to the defendants a letter which was as follows, to wit: "We are now ready to turn over the damaged tobacco we have on hand, as per agreement. Please instruct us as to disposition of same." A short time thereafter, a member of the defendants' firm called upon the plaintiffs to see about the tobacco, and thereupon the plaintiffs pointed out to him a number of boxes of tobacco as the tobacco which, under the contract, they desired to return; but it does not appear whether or not the tobacco thus pointed out bore the descriptive marks stated in the contract, showing that it was of the class of tobacco which the plaintiffs were entitled to return. The defendants refused to accept it. The plaintiffs sued out an attachment, and caused it to be levied upon the tobacco as the property of the defendants. A declaration in attachment was filed, and upon the trial of the cause the court granted a nonsuit. To the grant of this nonsuit the plaintiffs excepted.

We think the rights of these parties must be determined by the written evidence of the agreement entered into between them, and which appears in the record in this case. According to that agreement, these plaintiffs were entitled, on or before the first day of January, to return to the defendants any tobacco bought of the de-

fendants, which they then had on hand and which fell within the following description: "all 'King Cotton tobacco' packed in half-boxes weighing not over 25 pounds each, and that are not branded in red paint," and to receive from the defendants payment therefor according to the contract price at which they bought. Their option to return expired with the year 1892. On the 29th day of December, 1892, they wrote to the defendants that they held subject to their order " the damaged tobacco we have on hand as per agreement." It will be observed from an examination of the agreement, that the defendants did not at any time agree to receive from the plaintiffs, under the agreement in the record, any damaged tobacco. They were under agreement to receive back from the plaintiffs tobacco of the following description: " all 'King Cotton tobacco' packed in half-boxes weighing not over 25 pounds each, and that are not branded in red paint." Their obligation was to receive such tobacco, without reference to the question as to whether it was damaged or undamaged. It was the right of the plaintiffs to tender such tobacco. It is not contended that there was any actual redelivery of the tobacco to the defendants before the expiration of the time limited in the contract; but it is insisted that the letter above quoted, of December 29th, was a sufficient tender to entitle them to compel an acceptance by the defendants when the tobacco was thereafter actually redelivered. We do not think this letter sufficient for that purpose. To render a tender under such circumstances available, the tender itself should show, by accurate description of the property, exactly what articles were intended to be returned. Until this was done, the offer to return imposed no duty upon the seller to accept. The defendants were under obligation to return the cost price of the goods redelivered under the contract. We can test the sufficiency of this tender by this

application of it to the facts. Suppose, immediately upon receipt of the letter of December 29th, defendants had desired to make an immediate remittance of the amount of money due to the plaintiffs under the contract, what amount ought they to have remitted? Suppose the tobacco had suddenly greatly advanced in price, and the defendants had on the first day of January demanded of the plaintiffs the delivery of this tobacco, how much would they have been entitled to receive from the plaintiffs according to the alleged tender? Obviously, tested by either of these propositions, the tender was too indefinite and too uncertain to impose upon the defendants the obligation to receive the goods tendered. Inasmuch as they were under no obligation to receive the same, they were under no obligation to repay to the plaintiffs the purchase price according to the agreement; and the judgment of the court directing a nonsuit was, therefore, proper.      *Judgment affirmed.*